An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LONNIE LEE BANARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64882

**FILED**

JUL 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving and/or being in actual physical control of a vehicle while under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Lonnie Lee Banark argues first that the district court erred in denying his motion in limine to exclude evidence of an uncharged assault. He contends that the evidence was highly prejudicial and not relevant to the offense of driving under the influence (DUI) and the district court failed to hold a *Petrocelli*[1] hearing or provide a limiting instruction to the jury. We review a district court's decision to admit or exclude evidence for an abuse of discretion and will not reverse absent manifest error. *Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006). Here, the jury heard evidence that, immediately preceding his traffic stop and arrest for DUI, Banark pulled a knife and threatened a bartender after the bartender refused to serve him alcohol and followed him outside to offer to call a cab for him and dissuade him from driving.

---

[1] *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

15-22085

At a hearing on Banark's motion in limine, the district court found the evidence about his conduct with the knife to be relevant and ruled it admissible. The State argues that this evidence was admissible for a relevant non-propensity purpose—that is, to show that Banark was intoxicated because a sober person would not have pulled out a knife and threatened the bartender under the circumstances.

In order for relevant evidence to be admissible, either the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice, NRS 48.035(1), or the evidence must be so closely related to the charged offense that a witness could not have described the act in controversy without referring to the evidence, NRS 48.035(3). The district court made no specific findings as to the prejudicial and probative weight of the evidence or as to its admissibility under NRS 48.035(3)'s res gestae doctrine, and the legal basis for the ruling of admissibility is not clear from the record. Nevertheless, we conclude that any error in admitting the evidence was harmless given the overwhelming evidence of Banark's guilt for DUI. *See Bellon v. State*, 121 Nev. 436, 445, 117 P.3d 176, 181 (2005). The bartender testified that Banark parked his truck crookedly over three parking spaces, had an unsteady gait, slurred his words, and had bloodshot eyes. A police officer testified that Banark was speeding and swerving into an adjacent lane, smelled of alcohol and admitted to consuming "too much" beer, and failed the field sobriety tests.

Second, Banark argues that the district court erred in instructing the jury on the duties imposed by law on drivers of motor vehicles. He claims that this instruction conflicted with the instruction on the elements of DUI and allowed the jury to find that he was incapable of "safely driving" merely because he committed minor traffic violations. We

disagree. The jury was properly instructed on the elements of DUI—namely, driving a vehicle on a highway while under the influence of intoxicating liquor—and that the element of being "under the influence" means "to any degree which rendered him incapable of safely driving." At the request of the State, the district court provided an instruction on the duties of drivers, including the duties to maintain a travel lane and to drive at a reasonable and proper speed, to assist the jury as to what constitutes safe driving. We conclude that, while this instruction on the duties of drivers was not necessary, it did not conflict with the instruction on the elements of DUI and did not alter the State's burden to prove each element of the offense. Therefore, the district court did not abuse its discretion or commit judicial error in this regard. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

Third, Banark argues that the district court abused its discretion in allowing a police officer to give expert testimony without being noticed as an expert witness. Banark contends that the officer testified as an expert when he testified about his training and experience in detecting drivers under the influence and in conducting field sobriety tests. We agree that some of the officer's testimony qualified as expert testimony that was not noticed pursuant to NRS 174.234(2). However, we conclude that any error in this regard does not warrant reversal because Banark has not alleged, nor does the record demonstrate, that the lack of endorsement was made in bad faith such that the district court was required to exclude the testimony, NRS 174.234(3), or that Banark was prejudiced by the lack of notice, *see Jones v. State,* 113 Nev. 454, 473, 937 P.2d 55, 67 (1997).

Fourth, Banark argues that the district court abused its discretion and violated his due process rights by denying his motion to admit medical records showing that he had cataract surgery on one eye and might need cataract surgery on the other eye two years after he committed the DUI. Banark contends that this evidence tended to prove his theory that his poor performance on the field sobriety tests was due to his physical disabilities rather than being under the influence of alcohol.[2] We conclude that the exclusion of the medical records was not an abuse of discretion or a violation of Banark's due process right to present evidence tending to prove his theory of the case. *See Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006); *Vipperman v. State*, 96 Nev. 592, 596, 614 P.2d 532, 534 (1980). The fact that Banark had cataracts two years after he was arrested for driving under the influence did not mean that Banark had cataracts at the time that he was arrested or that the cataracts prevented him from passing the field sobriety tests. Thus, the district court properly excluded this evidence as irrelevant. *See* NRS 48.025(2). Further, any marginal relevance this evidence may have had was substantially outweighed by its risk of confusing the jury, given the absence of evidence of Banark's vision at the time of the DUI and evidence showing a link between cataracts and performance on field sobriety tests. *See* NRS 48.035(1).

Finally, Banark contends that the cumulative effect of errors warrant reversal of his conviction. We disagree, as the errors discussed

---

[2]Banark also refers to a broken femur and a possible hip replacement surgery, but this evidence was not contained in the medical records.

above, even when considered cumulatively, did not deprive him of a fair trial. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008).

Having reviewed Banark's claims and concluded they do not warrant relief, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Michael Villani, District Judge
     Eric G. Jorgenson
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]Banark's fast track statement does not comply with the provisions of NRAP 32(a)(5) because the footnotes are not in the same size font as the body of the brief. We caution Banark's counsel, Eric G. Jorgenson, that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. NRAP 32(e).

Supreme Court
OF
Nevada

(O) 1947A